VERNON C. GOINS II (SBN 195461)
TAYLOR & GOINS LLP
1330 Broadway, Suite 1701
Oakland, CA 94640
Telephone:     (510) 893-9465
Fax:               (510) 893-4228

Attorney for Plaintiff
LIONEL BEA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL BEA, an individual, | No.  04-CVC –04937-MJJ |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR:** |
| vs. | 1. **DISCRIMINATION IN VIOLATION OF CA CIV. CODE §51 (UNRUH ACT)** |
| SOUTHWEST AIRLINES CO., a California Corporation; DAVID MODICK, an individual; CAROLYN ONOYOMUHO, an individual; and DOES 1-25, inclusive, | 2. **DISCRIMINATION IN VIOLATION OF CA CIV. CODE §51.5** |
| Defendants. | 3. **DISCRIMINATION IN PLACE OF PUBLIC ACCOMODATION IN VIOLATION OF 42 U.S.C. §2000a (TITLE II OF CIVIL RIGHTS ACT)** |
| | 4. **DISCRIMINATION IN VIOLATION OF PUBLIC POLICY UNDER CAL. CONST.** |
| | 5. **DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981** |
| | 6. **VIOLATION OF 49 U.S.C. §40127, §1374 AND THE FEDERAL AVIATION ACT** |
| | 7. **UNFAIR BUSINESS PRACTICES IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 et. seq.** |
| | 8. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| | 9. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |
| | 10. **BREACH OF CONTRACT** |
| | 11. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING** |

- 1 -
**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1       COMES NOW Plaintiff LIONEL BEA, an individual, in the above-entitled action, to

2 complain against Defendants SOUTHWEST AIRLINES CO., a California Corporation; DAVID

3 MODICK, an individual; and CAROLYN ONOYOMUHO, an individual; and DOES 1-25,

4 inclusive, and each of them, ("Defendants") as follows:

5 **GENERAL ALLEGATIONS**

6 1.     Plaintiff LIONEL BEA is an individual residing in Alameda County, in the Northern

7 District of the State of California.  Plaintiff LIONEL BEA is, and at all times herein mentioned

8 was, an African American male (hereinafter "Plaintiff").

9 2.     Defendant SOUTHWEST AIRLINES CO. (hereinafter "SOUTHWEST AIRLINES") is

10 an airlines common carrier, flying to destinations throughout the continental United States.  As

11 such, Defendant SOUTHWEST AIRLINES is the owner, proprietor, lessor or operator of

12 establishments engaged in the business of selling tickets, accepting luggage for loading on

13 airplanes, and other work peripheral to the business of operating a common carrier, in California

14 and various other states in the continental United States.  Defendant SOUTHWEST AIRLINES

15 is, and at all times herein mentioned was, a corporation duly organized and existing under the

16 laws of the State of California and doing business on a daily basis throughout the State of

17 California.

18 3.     Defendant DAVID MODICK (hereinafter "MODICK") is, and at all times mentioned

19 herein was, an employee of Defendant SOUTHWEST AIRLINES as a Customer Service Agent

20 in Oakland, California.  Plaintiff is informed and believes that Defendant MODICK is a white

21 male in his early twenties.  Plaintiff is informed and believes that Defendant MODICK is, and at

22 all times mentioned herein was, an individual, residing in the Northern District of the State of

23 California.

24 4.     Defendant CAROLYN ONOYOMUHO (hereinafter "ONOYOMUHO") is, and at all

25 times mentioned herein was, an employee of Defendant SOUTHWEST AIRLINES as a

- 2 -
**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,
VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF
CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION
ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF
CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

Customer Service Agent Supervisor in Los Angeles, California.   Plaintiff is informed and believes that Defendant ONOYOMUHO is, and at all times mentioned herein was, an individual, residing in the Southern District of the State of California.

5.      Plaintiff is ignorant the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive, and therefore sues these Defendants by such fictitious names.  DOES 1 through 25 were at all times relevant herein employees, representatives and agents of Defendants and each of them.   Plaintiff will designate each Doe Defendant and serve them with this Complaint when their true names and capacities have been ascertained.  Plaintiff alleges that each of said Defendants designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused or is responsible in some manner for the damages proximately caused hereby.

6.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, that all of the Defendants acted in concert with the other Defendants named in this Complaint in the wrongful and improper activities alleged and, therefore, are responsible for the damages as alleged by Plaintiff.  Plaintiff is further informed and believes that at all times mentioned herein, each Defendant named in this Complaint was the agent and/or employee of each of the remaining Defendants, and acted in concert for the purpose of injuring Plaintiff as alleged herein.

7.      Plaintiff is further informed and believes that all times mentioned herein each Defendant named in this Complaint was acting within the course and scope of such agency relationship. Plaintiff is further informed and believes, and thereon alleges, that each of Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

8.      Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, the Defendants have pursued a common course of conduct, acted in concert with, and conspired with, each other, and have aided and abetted one another to accomplish the wrongs complained herein.

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

### FACTS COMMON TO ALL CAUSES OF ACTION

9.     Plaintiff LIONEL BEA is an African American male over 35 years of age.  Plaintiff is, and at all times herein mentioned was, an African American male, who is CEO and owner of Bay Area Productions and Promotions, a company that promotes various entertainment, sports and business events, as well as other functions.  Plaintiff has owned and operated his company for approximately twenty (20) years.  Plaintiff LIONEL BEA, in the performance of his duties associated with the planning and production of these various engagements, must frequently travel on airlines.  He is usually on a tight schedule and it is imperative to the success of his business that he is on time for the events that he is promoting.

10.     Plaintiff was a frequent customer of Defendant SOUTHWEST AIRLINES, an airline carrier governed by the guidelines of the Federal Aviation Administration of the United States Government.   At all times herein mentioned, Defendant SOUTHWEST AIRLINES was a business establishment within the meaning of CA Civil Code §51 (the UNRUH Civil Rights Act), CA Civil Code §51.5 and the CA Business & Professions Code.  At all times mentioned herein, Defendant SOUTHWEST AIRLINES was a place of public accommodation within the meaning of 42 U.S.C. §2000a and is engaged in the business of transporting persons from city to city throughout California and throughout the United States.

11.     On or about September 28, 2003, Plaintiff arrived at Oakland International Airport to fly to Los Angeles International Airport (hereinafter "LAX") for an important business meeting. Plaintiff had reserved a roundtrip ticket prior to arriving at the Oakland International Airport and proceeded to the SOUTHWEST AIRLINES ticket counter to purchase the ticket once he arrived at the airport.

12.     Plaintiff stood in line at the SOUTHWEST AIRLINES counter to purchase his roundtrip ticket from Oakland to LAX.  Plaintiff requested a ticket from Customer Service Agent Defendant DAVID MODICK.    Plaintiff gave Defendant MODICK his reservation number, flight number and all other information necessary for him to locate Plaintiff's reservation.  In

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

addition, Plaintiff handed Defendant MODICK his driver's license and his Southwest Airlines Company Club Card (hereinafter "SWACC"), showing that Plaintiff spent significant time on SOUTHWEST AIRLINES flights.

13.   As Defendant MODICK held Plaintiff's driver's license and SWACC, Defendant MODICK asked Plaintiff if he flew SOUTHWEST AIRLINES often, to which Plaintiff replied "Yes.  I'm a Frequent Flyer and, as a matter of fact, I just received a free ticket."  It was apparent not only from Plaintiff's answer, but also from Plaintiff's SWACC, the fact that Plaintiff had a Frequent Flyer number and the fact that Plaintiff had received a free ticket for frequent travel, that Plaintiff flew SOUTHWEST AIRLINES often and was therefore familiar with SOUTHWEST AIRLINES' policies and procedures.

14.   Defendant MODICK further asked Plaintiff whether he was comfortable flying with the arm rest down, to which Plaintiff replied, "Yes."   Defendant MODICK then asked Plaintiff whether he could fit in one seat, to which Plaintiff replied, "Yes."  Defendant MODICK's tone with Plaintiff was condescending, rude and disrespectful.  Plaintiff had never been treated in this manner prior to his incident with Defendant MODICK.

15.   Plaintiff asked Defendant MODICK if there was a problem.  Defendant MODICK then stated that he would have to sell Plaintiff another seat.  Defendant MODICK then parroted his company policy that passengers who were too large to fit into one seat had to purchase a second seat on the same flight.   Defendant MODICK also made discriminatory, disparaging and harassing remarks regarding Plaintiff's size including stating the following: "You people cause other passengers to be uncomfortable."   When Plaintiff asked Defendant MODICK what he meant by "you people," Defendant MODICK tried to clean up his racially disparaging and discriminatory remark by responding "I mean people your size."   However, it was clear to Plaintiff that Defendant MODICK was referring to African Americans when he stated "you people" in the nasty tone that he stated it.   Defendant MODICK was rude, mean and condescending to Plaintiff.  Further, throughout this discussion, Defendant MODICK frequently

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1    raised his voice to Plaintiff and spoke to Plaintiff with a nasty tone of voice.

2    16.     SOUTHWEST AIRLINES has a company policy for Large customers attached hereto as

3    Exhibit A.   ***See Exhibit A.***   Large customers are defined by SOUTHWEST AIRLINES as

4    passengers who occupy more than one seat.   Large passengers are further defined by

5    SOUTHWEST AIRLINES as customers who cannot fit into one seat without lifting the armrest.

6    Those large Customers who cannot fit into one seat must purchase an additional seat.   ***See***

7    ***Exhibit A.***

8    17.     Excerpts of Southwest Airlines' policy regarding procedures for dealing with a Large

9    customer are stated herein:

10          **Is this policy unique to Southwest Airlines?**

11          No…Southwest has had its policy in place since 1980.   In short, we ask a
            Customer to purchase the number of seats he/she occupies.   And as long as the
12          flight does not oversell, we will refund the purchase of the additional seat(s)
            after travel is completed…(*Exhibit A, page 1*)

13          **How will you know if I need more than one seat?**

14          …We have no intentions of having scales, sizing templates, measuring tape,
            etc.   That certainly isn't a way to treat people, and we have <u>never</u> considered
15          any such thing.   We all know that many Americans are "overweight" or
            "clinically obese" from media reports.   Many of those people also occupy
16          only one seat.   In fact, many Customers may use a seatbelt extension but
            occupy only one seat.   These Customers would not be asked to pay for a seat.
17          <u>We are simply asking a Customer who must lift the armrest in order to sit in</u>
            <u>the aircraft seat and who is obviously occupying a portion (or all) of the</u>
18          <u>adjoining seat, to pay for the additional seat being occupied</u>…(*Exhibit A, page*
            *4*).
19
20          **How can your Employees tell if a Customer needs a second seat before**
            **that Customer is on the aircraft?**
21
            We have instructed our Employees to approach those who will definitely
22          require more than one seat, not those Customers who are "marginal" or who
            simply need a seatbelt extension.   If a Southwest Employee believes a
23          Customer has not prepurchased another ticket, our Employee will discreetly
            advise the Customer of our policy.   <u>Should the Customer believe that he/she</u>
24          <u>truly occupies only one seat, our Employees will be happy to preboard the</u>
25

- 6 -
**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,**
**VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF**
**CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION**
**ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF**
**CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

Customer to make a visual determination.  If we were incorrect in our position, the Customer has received the benefit of preboarding, and if the Customer does occupy more than one seat, arrangements will be made for the Customer to purchase the additional seat. (*Exhibit A, pages 5-6*).

**I am a large person and use a seatbelt extension, but I fit in one aircraft seat.  Do I have to purchase two seats?**

Our policy isn't about a person's weight, and the seatbelt extension is not the determining factor. If a person occupies his/her seat and a portion or all of the adjoining seat, then that Customer will need to purchase the additional seat he/she is occupying.  If a person fits in one aircraft seat with the armrests down but needs a seatbelt extension, and that person is truly occupying only one seat, then a second seat is not necessary. (*Exhibit A, pages 3-4*).

**What will happen if a large Customer has purchased only one seat:**

We also realize that sometimes a Customer who occupies two seats doesn't know he/she can purchase an additional seat in advance and arrives at the airport holding only one ticket.  In those cases, we have asked our Agents to kindly and discreetly advise the Customer of the need to purchase an additional seat for everyone's safety and comfort onboard and to give the Customer the document advising how to obtain a refund… (*Exhibit A, page 3*).

18.    Plaintiff is a SOUTHWEST AIRLINES frequent flyer.  Plaintiff has maintained a constant weight for some time, during which time Plaintiff has never had problems fitting into one seat.  Plaintiff does not need to lift the armrest in order to sit in one seat as Large customers do under Defendant SOUTHWEST AIRLINES' policy.  Plaintiff has never had to purchase an additional seat when flying SOUTHWEST AIRLINES or any other airlines.  Plaintiff does not even need a seat belt extension to fly SOUTHWEST AIRLINES (or any other airlines for that matter).   Therefore Plaintiff is not even close to being a Large passenger according to SOUTHWEST AIRLINES' policies.

19.    Plaintiff informed David MODICK of this knowledge and his consistent ability to fit into one seat in accordance with SOUTHWEST AIRLINES' policies and procedures.  Defendant MODICK repeated the "company policy" several times, while belittling Plaintiff, berating Plaintiff, and raising his voice at Plaintiff. At this point, Plaintiff demanded that Defendant

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

MODICK print the previously reserved ticket.  Rudely and with objection, Defendant MODICK printed the ticket, and Plaintiff paid cash for the full fare ticket.  ***See Exhibit B.***  The ticket between Plaintiff and Defendant SOUTHWEST AIRLINES constituted a contract in which Plaintiff agreed to pay funds in exchange for a roundtrip ticket from Oakland to LAX and back for one seat of travel.

20.     David MODICK then gave Plaintiff the ticket and said, "You're at gate 21."  David MODICK also wrote gate number twenty one (21) on the ticket envelope.  ***See Exhibit C.***

21.     Plaintiff proceeded to Gate twenty one (21).  When the flight at gate twenty one (21) began to board, the gate agent announced that this was the flight to Orange County.  Plaintiff then realized that Defendant MODICK had intentionally, maliciously and discriminatorily sent him to the wrong gate.  As a result of Defendant MODICK's intentional, willful, discriminatory actions, Plaintiff missed his originally scheduled flight from Oakland to LAX and was late to his business meeting.

22.     Once Plaintiff realized Defendant MODICK's intentional and willful misguidance, Plaintiff proceeded back to the ticket counter and asked for a supervisor.  Supervisor John M. apologized and assured Plaintiff that he would look into this matter with Defendant MODICK.  Supervisor John M. arranged for Plaintiff to have a seat on the next flight to LAX, which was at 7:30p.m.

23.     As a result of Defendants' discrimination and actions as set forth within, Plaintiff was late for his business meeting.  As a proximate result of Defendants discrimination and actions as set forth within, Plaintiff's business has been damaged, Plaintiff has incurred expenses and other damages in an amount to be determined at trial.

24.     On Sunday, September 28, 2003, Plaintiff arrived at the LAX SOUTHWEST AIRLINES ticket counter at approximately 5:45 p.m. to check in for his flight (that he had already purchased).  When he approached the ticket counter to check in, Plaintiff was told that there was an entry in the SOUTHWEST AIRLINES computer, stating that he needed to purchase an

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1   additional seat.

2   25.    Plaintiff asked for a supervisor, and was approached by Defendant CAROLYN

3   ONOYOMUHO.   Defendant ONOYOMUHO refused to let Plaintiff fly without purchasing a

4   second seat.   Defendant ONOYOMUHO was insulting and rude.   Even though Plaintiff

5   explained to Defendant ONOYOMUHO that he could fit into one seat, that he had always fit into

6   one seat, that he could fly with the arm rest down, and that he had never before had to purchase

7   an additional seat, Defendant ONOYOMUHO would not listen to Plaintiff.

8   26.    Further, Defendant ONOYOMUHO failed and refused to follow Defendant

9   SOUTHWEST AIRLINES policy stating that if a customer disagrees with the agent's

10  determination that two seats should be purchased, that that customer be allowed to preboard and

11  demonstrate to the agent whether or not he can fit into one seat without having to lift the armrest.

12  ***See Exhibit A.***

13  27.    As a result of Defendants' discriminatory actions and failure to properly follow the

14  SOUTHWEST AIRLINES policy, Plaintiff was forced to carry his luggage to the United

15  Airlines terminal and purchase a one-way ticket back to Oakland.   ***See Exhibit D.***   The United

16  Airlines personnel assisted Plaintiff without question, and he was able to return to Oakland.  The

17  United Airlines personnel did not even ask Plaintiff whether he needed an additional seat,

18  because Plaintiff does not appear to them to need an additional seat.  Plaintiff was not required to

19  purchase an additional set on United Airlines, just as he had never before been required to

20  purchase an additional seat on SOUTHWEST AIRLINES until the incidents set forth within.

21  Plaintiff had no problem fitting in one seat on his United Airlines flight, as he never had a

22  problem fitting in one seat on his SOUTHWEST AIRLINES flights.

23  28.    Defendants intentionally, purposefully and wrongfully discriminated against Plaintiff on

24  the basis of his race and sex by: arbitrarily deciding Plaintiff must purchase an additional seat

25  even though Plaintiff is not even close to the size of a Large passenger that would require him to

purchase an additional seat; failing to follow Defendant SOUTHWEST AIRLINES' company

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,
VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF
CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION
ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF
CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1   policies regarding allowing a customer to sit in a seat to determine whether or not he requires an

2   additional seat if the customer disagrees with the agent's assessment; by making rude, harassing,

3   humiliating, racially discriminatory remarks towards Plaintiff with raised voices in a nasty tone

4   as set forth above; in sending Plaintiff to the wrong gate to intentionally and purposefully cause

5   him to miss his flight, and other disparate treatment of Plaintiff as set forth within.

6   29.     Plaintiff is an African American male.  Plaintiff is informed and believes and thereon

7   alleges that Defendants and each of them intentionally, willfully and purposefully denied to

8   Plaintiff the services, advantages, accommodations, facilities and privileges provided to other

9   persons, as alleged above, on account of Plaintiff's sex, race, color, national origin and other

10  arbitrary basis.

11  30.     During the time Plaintiff was on the above-mentioned premises, there were other

12  similarly situated white customers and female customers who were served and allowed on the

13  flight without being discriminated against.

14  31.     Defendant's intentional, wrongful, discriminatory conduct is continuing in that

15  Defendants and each of them continue to deny Plaintiff and all persons of Plaintiff's race, sex,

16  color or national origin the full and equal accommodations, advantages, facilities, privileges, and

17  services of the above-mentioned business establishment.   This refusal of equal services is

18  especially problematic to Plaintiff, who must fly frequently for business reasons.

19  32.     By intentionally and discriminatorily refusing to allow Plaintiff to fly pursuant to the

20  terms of his contract, Defendants and each of them denied to Plaintiff the services, advantages,

21  accommodations, facilities, and privileges provided to other persons, as alleged above, on

22  account of Plaintiff's gender, race, color, or national origin in that Defendant MODICK does not

23  treat white males, of similar size and build, in the manner Plaintiff was treated and Defendant

24  ONOYOMUHO does not treat females of similar size and build in the manner Plaintiff was

25  treated.

    33.     A white male passenger of larger size than Plaintiff was able to board the flight without

- 10 -

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

being harassed and discriminated against in the same manner as Plaintiff has been discriminated against. Employees of Defendant SOUTHWEST AIRLINES are not properly trained by Defendant SOUTHWEST AIRLINES to deal with large passengers, Defendants and other employees of SOUTHWEST AIRLINES have a practice of discriminating against persons of color, and SOUTHWEST AIRLINES' policy as it relates to large passengers is deficient and should be revised to a more appropriate policy that does not cause and allow such discrimination and humiliation to occur.

34. Defendant SOUTHWEST AIRLINES does not have an appropriate policy that prevents its employees from discriminating against its customers on the basis of race, sex, color, national or ethnic origin, size, disability or any other discriminatory reason. The current policy allows its employees to make subjective, arbitrary random visual inspections without further clarification. Further, SOUTHWEST AIRLINES has failed to ensure that all of its agents are well aware of the policies so that its employees to not discriminate on the basis of other arbitrary factors such as race and gender.

35. Plaintiff is informed and believes and therefore alleges that this is not the first time Defendant MODICK, Defendant ONOYOMUHO, and Defendant SOUTHWEST AIRLINES and its agents and employees ever committed such intentional, purposeful, gender and race discrimination. Rather, Plaintiff is informed and believes and therefore alleges that Defendants and each of them have continuously discriminated against persons of color, and those of a larger size. Defendants do not follow the SOUTHWEST AIRLINES policies and procedures set forth for dealing with Larger Customers, but rather make subjective determinations as to whether or not a person is too large to occupy just one seat.

36. As a proximate result of Defendants' and each of them unlawful and discriminatory practices complained of within, Plaintiff has been deprived of his civil rights, equal access to public accommodations, suffered emotional distress, has been devastated emotionally, severely depressed, incurred medical expenses, and attorney fees and costs as a result of Defendants and

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

each of them unlawful and discriminatory actions.

37.     As a result of Defendants' wrongful discrimination and unfair business practices, Plaintiff suffered compensatory, consequential, and incidental damages.  These damages include, but are not limited to, Plaintiff's purchase of an airline ticket on United Airlines, harm to Plaintiff's business reputation by arriving late to a business meeting, and causing other unknown disadvantage to Plaintiff's business

38.     As a proximate result of Defendants' willful, knowing, malicious, oppressive, purposeful, wrongful and intentional discrimination against Plaintiff done in reckless disregard on the basis of his race and gender, Plaintiff seeks punitive damages in an amount to be determined at trial.

39.     As a proximate result of the wrongful acts of Defendants, Plaintiff has sustained and continues to sustain damages in an amount to be determined at trial, and any such other and further relief as the court may deem proper.

40.     As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage in an amount to be established at trial.

41.     As a proximate result of Defendants' willful, knowing and intentional discrimination, Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

### FIRST CAUSE OF ACTION
### Discrimination in Violation of Cal. Civ. Code §51 et. Seq. (UNRUH Act)
### Against All Defendants

42.     Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in paragraphs 1 through 40 of the General Allegations as though the same were set forth at length herein.

43.     At all times herein mentioned, Defendant SOUTHWEST AIRLINES was a business

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

establishment within the meaning of the UNRUH Civil Rights Act and was engaged in the business of transporting persons from city to city throughout California and throughout the United States.

44.     At all times mentioned in this Complaint, California Civil Code §51 (UNRUH Civil rights Act) was in full force and effect and binding on the Defendants.  This section requires Defendants to refrain from discriminating against any customer or person on the basis of race and sex.  This section further requires Defendants to treat all persons as free and equal persons, regardless of their sex, race, color, religion, ancestry, national origin, disability, or medical condition and entitles persons within the jurisdiction of California to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

45.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, intentionally denied to Plaintiff the services, advantages, accommodations, facilities, and privileges provided to other persons, as alleged above, on account of Plaintiff's race, color, or national origin in that Defendants did not and do not treat white persons in the manner Plaintiff was treated.

46.     On September 26, 2003, Plaintiff entered the Oakland Airport and approached the SOUTHWEST AIRLINES ticket counter with the intention and purpose of purchasing an airline ticket.  Plaintiff requested that Defendant MODICK provide Plaintiff with his ticket that Plaintiff had already pre-reserved, and allow Plaintiff to purchase the ticket.  Plaintiff's request was refused.   Instead, Plaintiff was yelled at, disrespected, disregarded, humiliated, harassed, discriminated against, and told that he must purchase an extra ticket for being a larger passenger, even though Plaintiff does not and never has fallen in the category of a larger passenger.

47.     During the time Plaintiff was on the above-mentioned premises, there were other similarly situated white customers who were served and allowed on the flight without being discriminated against.

- 13 -

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

48.     Plaintiff is an African American male.  Plaintiff is informed and believes and thereon alleges that Defendants and each of them intentionally, willfully and purposefully denied to Plaintiff the services, advantages, accommodations, facilities and privileges provided to other persons, as alleged above, on account of Plaintiff's sex, race, color, national origin and other arbitrary basis as prohibited in the UNRUH Act.

49.     Defendant's intentional, wrongful, discriminatory conduct is continuing in that Defendant SOUTHWEST AIRLINES continues to deny Plaintiff and all persons of Plaintiff's race, sex, color or national origin the full and equal accommodations, advantages, facilities, privileges, and services of the above-mentioned business establishment.  This refusal of equal services is especially problematic to Plaintiff, who must fly frequently for business reasons.

50.     Unless Defendant is restrained by a preliminary and permanent injunction of this Court, Plaintiff's injury will be great and irreparable.  Plaintiff has no plain, speedy, and adequate remedy at law.  SOUTHWEST AIRLINES is the most frequent and advantageous carrier in many instances.  It would be extremely difficult to ascertain the amount of compensation that would afford adequate relief.  Further, restraint is necessary to prevent a multiplicity of proceedings.  Plaintiff will be forced to institute a multiplicity of suits for damages resulting from each inconvenience and insult to obtain adequate compensation if Defendant's conduct is not restrained.

51.     As a proximate result of Defendants' and each of them conduct, Plaintiff was required to purchase an additional ticket from United Airlines, in the amount of $103, and was late for his business meeting, causing disadvantage to Plaintiff's business to be determined at trial, all in addition to his experiencing severe emotional distress.

52.     As a proximate result of the wrongful acts of Defendants, Plaintiff is, in addition, entitled to recover statutory damages in excess of $309 in an amount to be determined at trial, plus attorney's fees and costs, as provided in Civil Code Section 52.

53.     As a proximate result of Defendants' willful, knowing, malicious, oppressive, purposeful,

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1    wrongful and intentional discrimination against Plaintiff done in reckless disregard on the basis

2    of his race and gender, Plaintiff seeks punitive damages in an amount to be determined at trial

3    54.    As a proximate result of the wrongful acts of Defendants, Plaintiff is further entitled to

4    damages in an amount to be determined at trial, and any such other and further relief as the court

5    may deem proper.

6                        **SECOND CAUSE OF ACTION**
                  **Race and Gender Discrimination in Business Transactions**
7            **in Violation of Cal. Civ. Code §51.5 Against All Defendants**

8    55.    Plaintiff hereby incorporates herein by reference, repleads and realleges each and every

9    allegation contained in paragraphs 1 through 40 of the General Allegations and paragraphs 41

10   through 53 of the First Cause of Action as though the same were set forth at length herein.

11   56.    At all times herein mentioned, Defendant SOUTHWEST AIRLINES was a business

12   establishment within the meaning of the CA Civil Code §51.5 and was engaged in the business

13   of transporting persons from city to city throughout California and throughout the United States.

14   57.    At all times mentioned in this Complaint, California Civil Code §51.5 was in full force

15   and effect and binding on the Defendants.  This section requires Defendants to refrain from

16   discriminating against any customer or person on the basis of race, color, national origin, sex and

17   disability in business transactions.

18   58.    As described in more detail within in Paragraphs 1 through 53, Defendants and each of

19   them intentionally discriminated against Plaintiff in this business transaction by wrongfully

20   enforcing a "company policy" requiring large passengers to buy an additional ticket to fly on the

21   basis of his race and gender, and not his actual size.

22   59.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,

23   intentionally denied to Plaintiff the services, advantages, accommodations, facilities, and

24   privileges provided to other persons, as alleged above, on account of Plaintiff's race, color, or

25   national origin in that Defendants did not and do not treat white persons in the manner Plaintiff

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,
VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF
CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION
ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF
CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

was treated.  Further, Defendants discriminated against Plaintiff on account of his gender.

60.     On September 26, 2003, Plaintiff entered the Oakland Airport and approached the SOUTHWEST AIRLINES ticket counter with the intention and purpose of purchasing an airline ticket.  Plaintiff requested that Defendant MODICK provide Plaintiff with his ticket that Plaintiff had already pre-reserved, and allow Plaintiff to purchase the ticket.  Plaintiff's request for this particular business transaction was refused.

61.     Instead, Plaintiff was yelled at, disrespected, disregarded, humiliated, harassed, discriminated against, and told that he must purchase an extra ticket for being a larger passenger, even though Plaintiff does not and never has fallen in the category of a larger passenger. Defendants intentionally, purposefully and wrongfully discriminated against Plaintiff on the basis of his race and sex by: arbitrarily deciding Plaintiff must purchase an additional seat even though Plaintiff is not even close to the size of a Large passenger that would require him to purchase an additional seat; failing to follow Defendant SOUTHWEST AIRLINES' company policies regarding allowing a customer to sit in a seat to determine whether or not he requires an additional seat if the customer disagrees with the agent's assessment; by making rude, harassing, humiliating, racially discriminatory remarks towards Plaintiff with raised voices in a nasty tone as set forth above; in sending Plaintiff to the wrong gate to intentionally and purposefully cause him to miss his flight, and other disparate treatment of Plaintiff as set forth within.

62.     During the time Plaintiff was on the above-mentioned premises, there were other similarly situated white customers and female customers who were served and allowed on the flight without being discriminated against.

63.     Plaintiff is an African American male.  Plaintiff is informed and believes and thereon alleges that Defendants and each of them intentionally, willfully and purposefully denied to Plaintiff the services, advantages, accommodations, facilities and privileges in this business transaction provided to other persons, as alleged above, on account of Plaintiff's sex, race, color, national origin and other arbitrary basis as prohibited in Civil Code §51.5.

- 16 -

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

64.     By intentionally and discriminatorily refusing to allow Plaintiff to fly pursuant to the terms of his contract, Defendants and each of them denied to Plaintiff the services, advantages, accommodations, facilities, and privileges provided to other persons, as alleged above, on account of Plaintiff's race, color, or national origin in that Defendant MODICK does not treat white males, of similar size and build, in the manner Plaintiff was treated, and Defendant ONOYOMUHO does not treat females in the manner Plaintiff was treated.

65.     A white male passenger of larger size than Plaintiff was able to board the flight without being harassed and discriminated against in the same manner as Plaintiff has been discriminated against.    Employees of Defendant SOUTHWEST AIRLINES are not properly trained by Defendant SOUTHWEST AIRLINES to deal with large passengers, Defendants and other employees of SOUTHWEST AIRLINES have a practice of discriminating against persons of color, and SOUTHWEST AIRLINES' policy as it relates to large passengers is deficient and should be revised to a more appropriate policy that does not cause and allow such discrimination and humiliation to occur.

66.     Defendants' and each of them conduct constitutes a violation of Civil Code §51.5, which prohibits discrimination in business transactions.

67.     As a result of Defendant SOUTHWEST AIRLINES violation of Civil Code §51.5, Plaintiff suffered compensatory, consequential, and incidental damages as set forth in CA Civil Code §52 and other statutes providing Plaintiff relief.    These damages include, but are not limited to, Plaintiff's purchase of an airline ticket on United Airlines, harm to Plaintiff's business reputation by arriving late to a business meeting, and causing other unknown disadvantage to Plaintiff's business.

68.     As a proximate result of Defendants' willful, knowing, malicious, oppressive, purposeful, wrongful and intentional discrimination against Plaintiff done in reckless disregard on the basis of his race and gender, Plaintiff seeks punitive damages in an amount to be determined at trial.

69.     As a proximate result of the wrongful acts of Defendants, Plaintiff has sustained and

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1    continues to sustain damages in an amount to be determined at trial, and any such other and

2    further relief as the court may deem proper.

3    70.    As a proximate result of Defendants' willful, knowing and intentional discrimination

4    against Plaintiff, Plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and

5    mental and physical pain and anguish, all to his damage in an amount to be established at trial.

6    71.    As a proximate result of Defendants' willful, knowing and intentional discrimination,

7    Plaintiff has incurred and continues to incur legal expenses and attorney fees.   Plaintiff is

8    presently unaware of the precise amount of these expenses and fees and prays leave of court to

9    amend this complaint when the amounts are more fully known.

### THIRD CAUSE OF ACTION
**Discrimination in Place of Public Accommodation
in Violation of 42 U.S.C. §2000a – Title II, Civil Rights Act of 1964
Against All Defendants**

72.    Plaintiff hereby incorporates herein by reference, repleads and realleges each and every

allegation contained in paragraphs 1 through 40 of the General Allegations as though the same

were set forth at length herein.

73.    At all times mentioned in this Complaint, 42 U.S.C. §2000a, commonly known as Title II

of the Civil Rights Act, was in full force and effect and binding on the Defendants.   Pursuant to

42 USC § 2000a, all persons are entitled to equal access to and the full and equal enjoyment of

the goods, services, facilities, privileges, advantages, and accommodations of any place of public

accommodation without discrimination or segregation on the ground of race, color, religion, or

national origin.   Title II of the Civil Rights Act prohibits Defendants from discrimination in

places of public accommodation.

74.    Defendant SOUTHWEST AIRLINES is a business establishment affecting interstate

commerce and is a place of public accommodation because its operations affect commerce and

because it serves and offers to serve interstate travelers and its planes and other airline services

and products are sold in and move in commerce.   Commerce is defined in Title II as travel, trade,

- 18 -

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,
VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF
CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION
ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF
CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1   traffic, commerce, transportation or communication among the several States.

2   75.     Defendant SOUTHWEST AIRLINES' business directly affects commerce and is

3   supported by state action, namely federal regulations and licenses.  The wrongful discrimination

4   and unfair competition as set forth within by Defendants violated 42 USC § 2000a in that

5   Defendants' and each of them acts constituted intentional discrimination in a place of public

6   accommodation on the basis of race.  Similarly situated passengers of races other than African-

7   American are treated in a more favorable way.

8   76.     As a proximate result of Defendants' wrongful and intentional discrimination against

9   Plaintiff in a place of public accommodation, Plaintiff is entitled to statutory damages as

10  provided for Plaintiff for Defendants' violation of 42 U.S.C. §2000a et. seq.

11  77.     As a proximate result of Defendant's violations of Title II, Plaintiff suffered

12  compensatory, consequential, and incidental damages.  These damages include, but are not

13  limited to, Plaintiff's purchase of an airline ticket on United Airlines, harm to Plaintiff's business

14  reputation by arriving late to a business meeting, and causing other unknown disadvantage to

15  Plaintiff's business.

16  78.     As a proximate result of Defendants' willful, knowing, malicious, oppressive, purposeful,

17  wrongful and intentional discrimination against Plaintiff done in reckless disregard on the basis

18  of his race and gender, Plaintiff seeks punitive damages in an amount to be determined at trial.

19  79.     As a proximate result of the wrongful acts of Defendants, Plaintiff has sustained and

20  continues to sustain damages in an amount to be determined at trial, and any such other and

    further relief as the court may deem proper.

21  80.     As a proximate result of Defendants' willful, knowing and intentional discrimination

22  against Plaintiff, Plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and

23  mental and physical pain and anguish, all to his damage in an amount to be established at trial.

24  81.     As a proximate result of Defendants' willful, knowing and intentional discrimination,

25  Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is

- 19 -

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1   presently unaware of the precise amount of these expenses and fees and prays leave of court to

2   amend this complaint when the amounts are more fully known.

3                                    **FOURTH CAUSE OF ACTION**
    **Race and Gender Discrimination in Violation of Public Policy – Cal. Const. Art. I, §8**
4                                        **Against All Defendants**

5   82.     Plaintiff hereby incorporates herein by reference, repleads and realleges each and every

6   allegation contained in paragraphs 1 through 40 of the General Allegations as though the same

7   were set forth at length herein.

8   83.     At all times mentioned in this Complaint, California Constitution Article I, Section 8 was

9   in full force and effect and binding on the Defendants.  The CA Constitution requires Defendants

10  to refrain from discriminating against any customer or person on the basis of race and sex.  The

11  CA Constitution further prohibits Defendants from restricting any person from entering the

12  business, and from failing to provide Plaintiff with business services on the basis of race and sex.

13  84.     Defendants intentionally, purposefully and wrongfully discriminated against Plaintiff on

14  the basis of his race and gender by: arbitrarily deciding Plaintiff must purchase an additional seat

15  even though Plaintiff is not even close to the size of a Large passenger that would require him to

16  purchase an additional seat; failing to follow Defendant SOUTHWEST AIRLINES' company

17  policies regarding allowing a customer to sit in a seat to determine whether or not he requires an

18  additional seat if the customer disagrees with the agent's assessment; by making rude, harassing,

19  humiliating, racially discriminatory remarks towards Plaintiff with raised voices in a nasty tone

20  as set forth above; in sending Plaintiff to the wrong gate to intentionally and purposefully cause

21  him to miss his flight, and other disparate treatment of Plaintiff as set forth within.

22  85.     By intentionally and discriminatorily refusing to allow Plaintiff to fly pursuant to the

23  terms of his contract, Defendants and each of them denied to Plaintiff the services, advantages,

24  accommodations, facilities, and privileges provided to other persons, as alleged above, on

25  account of Plaintiff's gender, race, color, or national origin in that Defendant MODICK does not

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,
VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF
CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION
ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF
CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

treat white males, of similar size and build, in the manner Plaintiff was treated, nor does Defendant ONOYOMUHO treat females in the manner Plaintiff was treated.

86.     A white male passenger of larger size than Plaintiff was able to board the flight without being harassed and discriminated against in the same manner as Plaintiff has been discriminated against.

87.     Employees of Defendant SOUTHWEST AIRLINES are not properly trained by Defendant SOUTHWEST AIRLINES to deal with large passengers, Defendants and other employees of SOUTHWEST AIRLINES have a practice of discriminating against persons of color, and SOUTHWEST AIRLINES' policy as it relates to Large passengers is deficient and should be revised to a more appropriate policy that does not cause and allow such discrimination and humiliation to occur

88.     Such discrimination is in violation of the public policy of the State of California as reflected in the California Constitution, and has resulted in damages and injury to Plaintiff as alleged herein.

89.     As a proximate result of Defendant's violations of the California Constitution, Plaintiff suffered compensatory, consequential, and incidental damages.  These damages include, but are not limited to, Plaintiff's purchase of an airline ticket on United Airlines, harm to Plaintiff's business reputation by arriving late to a business meeting, and causing other unknown disadvantage to Plaintiff's business.

90.     As a proximate result of Defendants' willful, knowing, malicious, oppressive, purposeful, wrongful and intentional discrimination against Plaintiff done in reckless disregard on the basis of his race and gender, Plaintiff seeks punitive damages in an amount to be determined at trial.

91.     As a proximate result of the wrongful acts of Defendants, Plaintiff has sustained and continues to sustain damages in an amount to be determined at trial, and any such other and further relief as the court may deem proper.

92.     As a proximate result of Defendants' willful, knowing and intentional discrimination

- 21 -

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1    against Plaintiff, Plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and

2    mental and physical pain and anguish, all to his damage in an amount to be established at trial.

3    93.    As a proximate result of Defendants' willful, knowing and intentional discrimination,

4    Plaintiff has incurred and continues to incur legal expenses and attorney fees.   Plaintiff is

5    presently unaware of the precise amount of these expenses and fees and prays leave of court to

6    amend this complaint when the amounts are more fully known.

7                              **FIFTH CAUSE OF ACTION**
                     **Race Discrimination in Violation of 42 U.S.C. § 1981**
8                    **Against Defendants MODICK and SOUTHWEST AIRLINES**

9    94.    Plaintiff hereby incorporates herein by reference, repleads and realleges each and every

10   allegation contained in paragraphs 1 through 40 of the General Allegations and paragraphs 41

11   through 92 of the First, Second, Third and Fourth Causes of Action as though the same were set

12   forth at length herein.

13   95.    On September 26, 2003, Plaintiff purchased from Defendant SOUTHWEST AIRLINES a

14   round-trip ticket from Oakland to LAX.   The purchase of this round-trip ticket by Plaintiff

15   constituted a contract between the parties.

16   96.    As described in more detail within in Paragraphs 1 through 40, Defendants intentionally,

17   purposefully and wrongfully discriminated against Plaintiff on the basis of his race and sex by:

18   arbitrarily deciding Plaintiff must purchase an additional seat even though Plaintiff is not even

19   close to the size of a Large passenger that would require him to purchase an additional seat;

20   failing to follow Defendant SOUTHWEST AIRLINES' company policies regarding allowing a

21   customer to sit in a seat to determine whether or not he requires an additional seat if the customer

22   disagrees with the agent's assessment; by making rude, harassing, humiliating, racially

23   discriminatory remarks towards Plaintiff with raised voices in a nasty tone as set forth above; in

24   sending Plaintiff to the wrong gate to intentionally and purposefully cause him to miss his flight,

25   and other disparate treatment of Plaintiff as set forth within.

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,
VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF
CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION
ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF
CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

97.     By intentionally and discriminatorily refusing to allow Plaintiff to fly pursuant to the terms of his contract, Defendants and each of them denied to Plaintiff the services, advantages, accommodations, facilities, and privileges provided to other persons, as alleged above, on account of Plaintiff's race, color, or national origin in that Defendant SOUTHWEST AIRLINES does not treat white males, of similar size and build, in the manner Plaintiff was treated.

98.     A white male passenger of larger size than Plaintiff was able to board the flight without being harassed and discriminated against in the same manner as Plaintiff has been discriminated against.  Employees of Defendant SOUTHWEST AIRLINES are not properly trained by Defendant SOUTHWEST AIRLINES to deal with large passengers, Defendants and other employees of SOUTHWEST AIRLINES have a practice of discriminating against persons of color, and SOUTHWEST AIRLINES' policy as it relates to large passengers is deficient and should be revised to a more appropriate policy that does not cause and allow such discrimination and humiliation to occur.

99.     Defendants' and each of them conduct constitutes a violation of 42 U.S.C. § 1981, which prohibits racial discrimination in the making and enforcement of public and private contracts, and prohibits any person or business from denying any person of color of the full and equal benefit of all laws as is enjoyed by white citizens.

100.    As a result of Defendant SOUTHWEST AIRLINES violation of 42 U.S.C. § 1981, Plaintiff suffered compensatory, consequential, and incidental damages.  These damages include, but are not limited to, Plaintiff's purchase of an airline ticket on United Airlines, harm to Plaintiff's business reputation by arriving late to a business meeting, and causing other unknown disadvantage to Plaintiff's business.

101.    As a proximate result of Defendants' willful, knowing, malicious, oppressive, purposeful, wrongful and intentional discrimination against Plaintiff done in reckless disregard on the basis of his race and gender, Plaintiff seeks punitive damages in an amount to be determined at trial.

102.    As a proximate result of the wrongful acts of Defendants, Plaintiff has sustained and

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1    continues to sustain damages in an amount to be determined at trial, and any such other and

2    further relief as the court may deem proper.

3    103.    As a proximate result of Defendants' willful, knowing and intentional discrimination

4    against Plaintiff, Plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and

5    mental and physical pain and anguish, all to his damage in an amount to be established at trial.

6    104.    As a proximate result of Defendants' willful, knowing and intentional discrimination,

7    Plaintiff has incurred and continues to incur legal expenses and attorney fees.    Plaintiff is

8    presently unaware of the precise amount of these expenses and fees and prays leave of court to

9    amend this complaint when the amounts are more fully known.

10    **SIXTH CAUSE OF ACTION**
      **Discrimination in Violation of 49 U.S.C. § 40127 et. seq., §1374 et. seq**
11    **and other sections of Federal Aviation Act Against all Defendants**

12    105.    Plaintiff hereby incorporates herein by reference, repleads and realleges each and every

13    allegation contained in paragraphs 1 through 40 of the general allegations and paragraphs 41

14    through 103 of the First, Second, Third, Fourth and Fifth Causes of Action as though the same

15    were set forth at length herein.

16    106.    Defendant SOUTHWEST AIRLINES is an air carrier as defined under the Airline

17    Access Act, 49 U.S.C. § 40127, et seq., §1374 et. seq.  and other relevant sections of the Federal

18    Aviation Act preventing discrimination, and therefore is subject to its provisions.

19    107.    As described in more detail within in Paragraphs 1 through 40, Defendants intentionally,

20    purposefully and wrongfully discriminated against Plaintiff on the basis of his race and sex by:

21    arbitrarily deciding Plaintiff must purchase an additional seat even though Plaintiff is not even

22    close to the size of a Large passenger that would require him to purchase an additional seat;

23    failing to follow Defendant SOUTHWEST AIRLINES' company policies regarding allowing a

24    customer to sit in a seat to determine whether or not he requires an additional seat if the customer

25    disagrees with the agent's assessment; by making rude, harassing, humiliating, racially

- 24 -
**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,**
**VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF**
**CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION**
**ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF**
**CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

discriminatory remarks towards Plaintiff with raised voices in a nasty tone as set forth above; in sending Plaintiff to the wrong gate to intentionally and purposefully cause him to miss his flight, and other disparate treatment of Plaintiff as set forth within.

108.   By refusing to allow Plaintiff to fly pursuant to the terms of his contact, Defendants and each of them denied to Plaintiff the services, advantages, accommodations, facilities, and privileges provided to other persons, as alleged above, on account of Plaintiff's race, color, or national origin in that Plaintiff does not treat White males, of similar size and build, in the manner Plaintiff was treated.   Furthermore, Defendants discriminated against Plaintiff on the basis of his status as an overweight person.

109.   Defendants and each of them conduct constitutes a violation of 49 U.S.C. § 40127 et. seq., §1374 et. seq. and other relevant code sections of the Federal Aviation Act, which prohibit discrimination by air carriers and their agents.

110.   As a result of Defendants and each of them violation of 49 U.S.C. § 40127 et. seq., §1374 et. seq.  and other relevant code sections of the Federal Aviation Act prohibiting discrimination, Plaintiff suffered compensatory, consequential, and incidental damages.  These damages include, but are not limited to, Plaintiff's purchase of an airline ticket on United Airlines, harm to Plaintiff's business reputation by arriving late to a business meeting, and causing other unknown disadvantage to Plaintiff's business.

111.   As a proximate result of the wrongful acts of Defendants, Plaintiff has sustained and continues to sustain damages in an amount to be determined at trial, and any such other and further relief as the court may deem proper.

112.   As a proximate result of Defendants' willful, knowing, malicious, oppressive, purposeful, wrongful and intentional discrimination against Plaintiff done in reckless disregard on the basis of his race and gender, Plaintiff seeks punitive damages in an amount to be determined at trial.

113.   Plaintiff further seeks damages, attorney fees, costs, emotional distress damages, and other proper relief as Plaintiff is entitled to recover as a result of Defendants' violation of 49

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1   U.S.C. 40127 et. seq., §1374 et. seq.  and other relevant sections of the Federal Aviation Act

2   prohibiting discrimination, in an amount to be determined at trial.

3                              **SEVENTH CAUSE OF ACTION**
    **Unlawful and Unfair Business Acts in Violation of Business and Professions Code**
4                **Section 17200 *et seq* Against All Defendants**

5   114.    Plaintiff hereby incorporates herein by reference, repleads and realleges each and every

6   allegation contained in paragraphs 1 through 40 of the General Allegations and Paragraphs 41

7   through 102 of the First, Second, Third, Fourth, Fifth and Sixth Causes of Action as though the

8   same were set forth at length herein.

9   115.    At all times mentioned herein, California Business and Professions Code §17200 et. seq.

10  was in full force and effect and binding on Defendants.  This code prohibits Defendants from

11  unfair competition, including any unlawful or unfair business act or practice.

12  116.    As set forth particularly within, Defendants violated this statute and committed unfair

13  business practices by discriminating against Plaintiff on the basis of his race and gender as more

14  specifically set forth within.

15  117.    Defendants intentionally, purposefully and wrongfully discriminated against Plaintiff on

16  the basis of his race and sex by: arbitrarily deciding Plaintiff must purchase an additional seat

17  even though Plaintiff is not even close to the size of a Large passenger that would require him to

18  purchase an additional seat; failing to follow Defendant SOUTHWEST AIRLINES' company

19  policies regarding allowing a customer to sit in a seat to determine whether or not he requires an

20  additional seat if the customer disagrees with the agent's assessment; by making rude, harassing,

21  humiliating, racially discriminatory remarks towards Plaintiff with raised voices in a nasty tone

22  as set forth above; in sending Plaintiff to the wrong gate to intentionally and purposefully cause

23  him to miss his flight, and other disparate treatment of Plaintiff as set forth within.

24  118.    By intentionally and discriminatorily refusing to allow Plaintiff to fly pursuant to the

25  terms of his contract, Defendants and each of them denied to Plaintiff the services, advantages,

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

accommodations, facilities, and privileges provided to other persons, as alleged above, on account of Plaintiff's race, color, or national origin in that Defendant SOUTHWEST AIRLINES does not treat white males, of similar size and build, in the manner Plaintiff was treated.  Said actions constituted unfair business acts and practices within the meaning of §17200 et. seq. and have resulted in damages and injury to Plaintiff as alleged herein.

119.    As a proximate result of Defendant's violations of §17200 et. seq., Plaintiff suffered compensatory, consequential, and incidental damages.   These damages include, but are not limited to, Plaintiff's purchase of an airline ticket on United Airlines, harm to Plaintiff's business reputation by arriving late to a business meeting, and causing other unknown disadvantage to Plaintiff's business.

120.    As a proximate result of Defendants' willful, knowing, malicious, oppressive, purposeful, wrongful and intentional discrimination against Plaintiff done in reckless disregard on the basis of his race and gender, Plaintiff seeks punitive damages in an amount to be determined at trial.

121.    As a proximate result of the wrongful acts of Defendants, Plaintiff has sustained and continues to sustain damages in an amount to be determined at trial, and any such other and further relief as the court may deem proper.

122.    As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage in an amount to be established at trial.

123.    As a proximate result of Defendants' willful, knowing and intentional discrimination, Plaintiff has incurred and continues to incur legal expenses and attorney fees.   Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

## EIGHTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Against All Defendants

124.    Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in paragraphs 1 through 40 of the General Allegations and Paragraphs 41 through 122 of the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action as though the same were set forth at length herein.

125.    Defendants' willful, intentional, purposeful, malicious, oppressive, extreme and outrageous acts and conduct set forth within, was done with the intention of causing Plaintiff emotional distress and has caused Plaintiff severe emotional distress. Further, Defendants' reckless disregard of the probability of causing Plaintiff emotional distress has caused Plaintiff severe emotional distress.

126.    Defendants intentionally, purposefully and wrongfully discriminated against Plaintiff on the basis of his race and sex by: arbitrarily deciding Plaintiff must purchase an additional seat even though Plaintiff is not even close to the size of a Large passenger that would require him to purchase an additional seat; failing to follow Defendant SOUTHWEST AIRLINES' company policies regarding allowing a customer to sit in a seat to determine whether or not he requires an additional seat if the customer disagrees with the agent's assessment; by making rude, harassing, humiliating, racially discriminatory remarks towards Plaintiff with raised voices in a nasty tone as set forth above; in sending Plaintiff to the wrong gate to intentionally and purposefully cause him to miss his flight, and other disparate treatment of Plaintiff as set forth within.

127.    By intentionally and discriminatorily refusing to allow Plaintiff to fly pursuant to the terms of his contract, Defendants and each of them denied to Plaintiff the services, advantages, accommodations, facilities, and privileges provided to other persons, as alleged above, on account of Plaintiff's race, color, or national origin in that Defendant SOUTHWEST AIRLINES does not treat white males, of similar size and build, in the manner Plaintiff was treated.

128.    A white male passenger of larger size than Plaintiff was able to board the flight without

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

being harassed and discriminated against in the same manner as Plaintiff has been discriminated against. Employees of Defendant SOUTHWEST AIRLINES are not properly trained by Defendant SOUTHWEST AIRLINES to deal with large passengers, Defendants and other employees of SOUTHWEST AIRLINES have a practice of discriminating against persons of color, and SOUTHWEST AIRLINES' policy as it relates to large passengers is deficient and should be revised to a more appropriate policy that does not cause and allow such discrimination and humiliation to occur.

129.   The conduct of defendants, and each of them, was intentional and malicious or done with reckless disregard and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

130.   As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, Plaintiff has suffered harm, humiliation, embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage in an amount to be established at trial.

131.   As a proximate result of Defendants' willful, knowing, malicious, oppressive, purposeful, wrongful and intentional discrimination against Plaintiff done in reckless disregard on the basis of his race and gender, Plaintiff seeks punitive damages in an amount to be determined at trial.

132.   As a proximate result of the wrongful acts of Defendants, Plaintiff has sustained and continues to sustain damages in an amount to be determined at trial, and any such other and further relief as the court may deem proper.

133.   As a proximate result of Defendants' willful, knowing and intentional discrimination, Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

### NINTH CAUSE OF ACTION
#### (Negligent Infliction Of Emotional Distress Against All Defendants)

134.     Plaintiff hereby incorporates herein by reference, repleads and realleges each and every allegation contained in paragraphs 1 through 40 of the General Allegations and paragraphs 41 through 122 of the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action as though the same were set forth at length herein.

135.     Defendants knew, or should have known, that their failure to exercise due care in the performance of their function as a common carrier would cause Plaintiff severe emotional distress.

136.     Defendants' and each of them negligence in discriminating against Plaintiff has caused Plaintiff severe emotional distress.

137.     Defendants negligently or intentionally, purposefully and wrongfully discriminated against Plaintiff on the basis of his race and gender by: arbitrarily deciding Plaintiff must purchase an additional seat even though Plaintiff is not even close to the size of a Large passenger that would require him to purchase an additional seat; failing to follow Defendant SOUTHWEST AIRLINES' company policies regarding allowing a customer to sit in a seat to determine whether or not he requires an additional seat if the customer disagrees with the agent's assessment; by making rude, harassing, humiliating, racially discriminatory remarks towards Plaintiff with raised voices in a nasty tone as set forth above; in sending Plaintiff to the wrong gate to intentionally and purposefully cause him to miss his flight, and other disparate treatment of Plaintiff as set forth within.

138.     By negligently or intentionally and discriminatorily refusing to allow Plaintiff to fly pursuant to the terms of his contract, Defendants and each of them denied to Plaintiff the services, advantages, accommodations, facilities, and privileges provided to other persons, as alleged above, on account of Plaintiff's race, color, or national origin in that Defendant SOUTHWEST AIRLINES does not treat white males, of similar size and build, in the manner

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1    Plaintiff was treated.

2    139.    A white male passenger of larger size than Plaintiff was able to board the flight without

3    being harassed and discriminated against in the same manner as Plaintiff has been discriminated

4    against.   Employees of Defendant SOUTHWEST AIRLINES are not properly trained by

5    Defendant SOUTHWEST AIRLINES to deal with large passengers, Defendants and other

6    employees of SOUTHWEST AIRLINES have a practice of discriminating against persons of

7    color, and SOUTHWEST AIRLINES' policy as it relates to large passengers is deficient and

8    should be revised to a more appropriate policy that does not cause and allow such discrimination

9    and humiliation to occur.

10   140.    The conduct of defendants, and each of them, was negligent, intentional and malicious or

11   done with reckless disregard and done for the purpose of causing Plaintiff to suffer humiliation,

12   mental anguish, and emotional and physical distress.

13   141.    As a proximate result of Defendants' negligence, Plaintiff has suffered harm, humiliation,

14   embarrassment, emotional distress, and mental and physical pain and anguish, all to his damage

15   in an amount to be established at trial.

16   142.    As a proximate result of the wrongful acts of Defendants, Plaintiff has sustained and

17   continues to sustain damages in an amount to be determined at trial, and any such other and

18   further relief as the court may deem proper.

19   143.    As a proximate result of Defendants' negligent, willful, knowing and intentional

20   discrimination, Plaintiff has incurred and continues to incur legal expenses and attorney fees.

21   Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of

22   court to amend this complaint when the amounts are more fully known

23   **<u>TENTH CAUSE OF ACTION</u>**
     **(Breach of Contract Against All Defendants)**

24   144.    Plaintiff hereby incorporates herein by reference, repleads and realleges each and every

25   allegation contained in paragraphs 1 through 40 of the General Allegations as though the same

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,
VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF
CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION
ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF
CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1    were set forth at length herein.

2    145.    On September 26, 2003, Plaintiff purchased from Defendant SOUTHWEST AIRLINES a

3    roundtrip ticket from Oakland to LAX.  ***See Exhibit B.***  The purchase of this round-trip ticket by

4    Plaintiff constituted a contract between the parties.  The contract set forth that Plaintiff was to

5    pay money in exchange for the ability to fly roundtrip between Oakland and LAX on Defendant

6    SOUTHWEST AIRLINES airplanes in one airline seat for each way.

7    146.    As described in more detail above, Defendants and each of them did not honor the terms

8    of the contract by refusing to allow Plaintiff to fly on his designated flight unless he purchased

9    another ticket.  Defendants' and each of them refusal to perform under the contract constituted a

10   material breach of the contract.  Additionally, Defendant SOUTHWEST AIRLINES' actions

11   constituted a breach of the duty of good faith and fair dealing under the contract.

12   147.    Plaintiff has performed all conditions, covenants and promises required on its part to be

13   performed in accordance with the terms and conditions of the contract.

14   148.    As a result of Defendant SOUTHWEST AIRLINES' breach of contract, Plaintiff suffered

15   compensatory, consequential, and incidental damages.  These damages include, but are not

16   limited to, Plaintiff's purchase of an airline ticket on United Airlines, harm to Plaintiff's business

17   reputation by arriving late to a business meeting, and causing other unknown disadvantage to

18   Plaintiff's business.

### ELEVENTH CAUSE OF ACTION
**(Breach of the Covenant of Good Faith and Fair Dealing
Against SOUTHWEST AIRLINES)**

19

20

21   149.    Plaintiff hereby incorporates herein by reference, repleads and realleges each and every

22   allegation contained in paragraphs 1 through 40 of the General Allegations and paragraphs 143

23   through 147 as though the same were set forth at length herein.

24   150.    A special relationship exists between Plaintiff and Defendants.  Plaintiff relied upon the

25   implied covenant of good faith and fair dealing in the contractual relationship with Defendants.

- 32 -
**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,
VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF
CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION
ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF
CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

151.    Plaintiff's contracts with Defendants provided that, for valuable consideration, Defendants would provide air travel services between cities for Plaintiff and other airline passengers of Defendant SOUTHWEST AIRLINES.

152.    The contracts described in paragraphs 143 through 147 contained an implied covenant of good faith and fair dealing that prevented either party from doing anything that would deprive the other of the benefits of the contract.  This covenant also imposed an obligation on each contracting party not to do anything that would render performance of the contract impossible and to do everything the contract presupposes that each will do to accomplish the contracts purpose.

153.    Once Plaintiff paid the money for the ticket, Defendants were obligated by the covenant of good faith and fair dealing not to do anything that would deprive Plaintiff of the benefits of the contractual relationship.  By refusing to let Plaintiff fly without first requiring Plaintiff to purchase an additional ticket, the Defendants breached the implied covenant of good faith and fair dealing.

154.    As a proximate result of Defendants' breach of implied covenant of good faith and fair dealing, Plaintiff has been damaged in sums not yet fully ascertained.

155.    As a result of Defendant SOUTHWEST AIRLINES' breach of the covenant of good faith and fair dealing, Plaintiff suffered compensatory, consequential, and incidental damages.  These damages include, but are not limited to, Plaintiff's purchase of an airline ticket on United Airlines, harm to Plaintiff's business reputation by arriving late to a business meeting, and causing other unknown disadvantage to Plaintiff's business.


## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a trial by jury.

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1       **WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them as

2  follows:

3  1.    For a preliminary injunction and a permanent injunction enjoining Defendants, its

4  officers, agents, servants, employees, successors, assigns and all persons in active concert or

5  participation with it, or for Defendant, from denying, and aiding and inciting such denial, and

6  from making any discrimination, distinction, or restriction in providing full and equal

7  accommodations, advantages, facilities, and services in Defendant's business establishment;

8  2.    For general damages in a sum according to proof;

9  3.    For statutory damages in a sum according to proof;

10  4.    For additional damages pursuant to Civil Code Section 52;

11  5.    For reasonable attorney's fees incurred by Plaintiff pursuant to Federal and State statutes;

12  6.    For punitive damages in an amount appropriate to punish Defendants and deter others

13  from engaging in similar misconduct;

14  7.    For prejudgment interest on such damages as provided by law;

15  8.    For costs of suit herein incurred; and

16  9.    For such other and further relief as the Court may deem just and proper.

17  Dated: December 21, 2004                  s/Vernon C. Goins

18                                          VERNON C. GOINS II

19                                          Attorney for Plaintiff<br>                                        LIONEL BEA

20

21

22

23

24

25

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

1

## VERIFICATION

2

3       I, LIONEL BEA, am a party in the above entitled proceeding.  I have read the foregoing

4  document and know the contents thereof.  The same is true of my own knowledge except as to

5  those matters which are therein stated on information and belief, and as to those matters, I

6  believe it to be true.

7       I declare under penalty of perjury under the Laws of the State of California that the

8  foregoing is true and correct.

9

10  Dated: December 21, 2004                    _____s/Lionel Bea_____
                                                 LIONEL BEA, Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5,
VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF
CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION
ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF
CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

**PROOF OF SERVICE**

I, the undersigned, declare that I am employed in the County of Alameda, State of California. I am over the age of eighteen (18) years and not a party to the within cause.  My business address is 1330 Broadway, Suite 1701, Oakland, California 94640.

On December 21, 2004 and December 22, 2004, I served the foregoing document on all parties described as follows:

**SECOND AMENDED COMPLAINT**

[ X ]   BY E-FILING ELECTRONIC TRANSMISSION by causing a true copy thereof to be transmitted through the United States District Court e-filing system by filing the procedures and guidelines set forth by the Federal Rules of Civil Procedure and the United States District Court-Northern District of California local e-filing rules, addressed electronically as shown below.

[ X ]   BY MAIL in the said cause by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the United States mail at Oakland, CA addressed as shown below.

[ X ]   BY FACSIMILE TRANSMISSION by transmitting a true copy thereof by facsimile transmission from the facsimile number (510) 893 4228 to the interested parties to said action at the facsimile number(s) shown below.

**VIA FACSIMILE, E-FILING AND U.S. MAIL**
Mr. Randolph S. Hicks
Coddington, Hicks & Danforth
A Professional Corporation, Lawyers
555 Twin Dolphin Drive, Suite 300
Redwood City, CA 94065-2133
(650) 592-5027 facsimile
rhicks@chdlawyers.com, rita@chdlawyers.com

I declare under penalty of perjury that the foregoing is true and correct and executed on this day in Oakland, California.

_____ s/Linnea N. Willis _____

- 36 -
**SECOND AMENDED COMPLAINT FOR VIOLATION OF UNRUH ACT, CIVIL CODE §51.5, VIOLATION OF TITLE II OF CIVIL RIGHTS ACT, VIOLATION OF 42 U.S.C. § 1981, VIOLATION OF CALIFORNIA CONST., UNFAIR BUSINESS PRACTICES, VIOLATION OF FEDERAL AVIATION ACT, INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, BREACH OF CONTRACT, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**